## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LUBY'S RESTAURANTS LIMITED PARTNERSHIP,** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **C.A. No. 10-CV-03212** |
| | § | |
| **CREDIT SUISSE SECURITIES (USA) LLC** | § | |
| | § | |
| **Defendant.** | § | |

### ANSWER AND OBJECTION OF CREDIT SUISSE SECURITIES (USA) LLC TO PETITION TO CONFIRM ARBITRATION AWARD, ENTRY OF FINAL JUDGMENT AND PETITION TO ENFORCE, MODIFY OR CORRECT AWARD

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Credit Suisse Securities (USA) LLC ("Credit Suisse")[1] files this Answer and Objection to the Petition to Confirm Arbitration Award, Entry of Final Judgment and Petition to Enforce, Modify or Correct Award (the "Petition")[2] filed by Plaintiff Luby's Restaurant Limited Partnership ("Luby's"), and respectfully states as follows.

### LUBY'S IS NOT ENTITLED TO ENFORCEMENT, MODIFICATION OR CORRECTION OF THE FINRA ARBITRATION AWARD

1.      After twice failing to obtain relief from the Financial Industry Regulatory Authority ("FINRA"), Luby's now comes to Court to again seek relief to which it is not entitled.   The lack of merit to Luby's Petition is clear from even a cursory review of the relevant background facts.   Luby's Petition allegedly seeks to confirm an arbitration Award rendered by a FINRA Arbitration Panel on May 21, 2010 (the "Award"), and to

---

[1] In its Petition Luby's incorrectly identifies Credit Suisse Securities (USA) LLC as "Credit Suisse (USA) LLC.
[2] The state court case initiated by the filing of Luby's Petition was removed to this Court on September 7, 2010.

enforce, modify, or correct the Award[3].   The Award was entered in an arbitration

proceeding styled *Luby's Restaurants Limited Partnership v. Credit Suisse Securities

(USA) LLC*; FINRA Case No. 08-04007 (the "Arbitration") after three days of hearing

(April 27-29, 2010), and provides as follows :

> 1) Respondent, Credit Suisse Securities (USA) LLC, is liable to Claimant,
> Luby's Restaurants Limited Partnership, *and shall purchase Claimant's
> auction rate securities at par;*
> 2) Respondent, Credit Suisse Securities (USA), LLC is liable for and shall
> pay to Claimant, Luby's Restaurants Limited Partnership, interest on the at
> par purchase price of the auction rate securities at the rate of 6% per
> annum from and including May 29, 2010 through and including the date
> the Award is paid in full;
> 3) Other than Forum Fees which are specified below, the parties shall each
> bear their own costs  and expenses incurred in this matter; and
> 4) *Any relief not specifically enumerated, including punitive damages and
> attorneys' fees, is hereby denied with prejudice. (Emphasis added)*

2.        The Award is unambiguous and Credit Suisse has complied with the terms

of the Award requiring  it "to purchase Claimant's auction rate securities at par" as

confirmed in a July 30, 2010 letter from Credit Suisse's arbitration counsel to FINRA,

attached hereto as *Exhibit B*.   Notwithstanding the clear language of the Award, on June

3, 2010, Luby's submitted to FINRA  a "Motion to Enforce," essentially requesting that

the Award be rewritten to require that Credit Suisse pay Luby's an additional $186,000

(plus interest),  the amount of loss allegedly incurred by Luby's in connection with a

2009 sale of one of its auction rate securities.   The 2009 sale in question occurred after

the initiation of the Arbitration, but prior to the hearing.   Luby's requested at the hearing

that Credit Suisse be required to buy back Luby's existing positions and pay an additional

$186,000 in compensatory damages.   Importantly, the plain and unambiguous terms of

the Award do not include any requirement that Credit Suisse compensate Luby's for

---

[3]A true and correct copy of the Award is attached as *Exhibit A.*

losses incurred on past sales of auction rate securities.  The Award provides clearly that "any relief not specifically enumerated…is hereby denied with prejudice."

3.      In a letter dated June 8, 2010, FINRA refused to accept Luby's Motion to Enforce, citing the failure to comply with the grounds enumerated in Rule 12905(a)(2) of the Code of Arbitration Procedure[4]. A true and correct copy of the FINRA letter is attached hereto as *Exhibit C.*  On June 11, 2010, Luby's requested that FINRA reconsider the rejection of the Motion to Enforce.  Luby's request for reconsideration was also rejected by FINRA for failure to comply with Rule 12905 pursuant to a July 20, 2010 letter, a true and correct copy of which is attached as *Exhibit D.*

4.      Luby's is clearly not entitled to "modification, correction or enforcement" of the Award to add an additional $186,000 in damages as requested in the Petition.  As explained more fully below, arbitration awards may be modified or corrected only under very limited circumstances, none of which are present here.  Luby's is essentially requesting that the Court alter the substance of the Award and impose a ruling different than that made unambiguously by the Panel.   Luby's Petition fails to even argue that there is any legal basis supporting the requested relief for the obvious reason that there is none.  The Court should summarily deny Luby's request for modification, correction or enforcement of the Award, and enter an order confirming the terms of the May 21, 2010 Award.

---

[4] Rule 12905 of the Code sets forth the limited circumstances under which documents may be submitted to the arbitrators after a case has closed.  A true and correct copy of Rule 12905 is attached as *Exhibit E.*

## ANSWER TO ALLEGATIONS IN THE PETITION

5.      Credit Suisse admits the allegations in "Section I-Parties" of the Petition, except that Credit Suisse denies any allegation that the mailing of a copy of the Petition to one of its attorneys constituted service of process on Credit Suisse.

6.      Credit Suisse admits that this Court has jurisdiction over this matter and that venue is proper in this District, but denies that proper venue is determined under the Texas Civil Practice & Remedies Code as alleged in the Petition.   Credit Suisse further denies that Luby's has stated a claim for enforcement, modification or correction of a FINRA arbitration award as alleged.

7.      With respect to the allegations in the first paragraph under Section III. – Facts", Credit Suisse admits only that (i) Luby's Petition relates to the Award rendered in the Arbitration, (ii) Luby's requested in the Arbitration rescission by Credit Suisse of certain auction rate securities, and (iii) after the Arbitration was initiated but prior to the hearing, Luby's sold certain of the auction rate securities for an amount less than par. The remaining allegations in the first paragraph constitute "jury argument" on the part of Luby's concerning claims that have been fully and finally resolved in the Arbitration. In response to such allegations,  Credit Suisse denies that Luby's is entitled to re-argue the facts or law relating to its claims in the Arbitration in this proceeding, denies that the allegations are a complete and accurate statement of the facts underlying the Arbitration, and states that the pleadings in the Arbitration speak for themselves.

8.      With respect to the allegations in the second paragraph under Section III. – Facts," Credit Suisse admits that the hearing in the Arbitration was held in Houston, Texas in April of 2010, and that a true and correct copy of the Award is attached to the

4

Petition as Exhibit A. Credit Suisse denies the remaining allegations and states that the Award is unambiguous and speaks for itself. Credit Suisse specifically denies any allegation that it has failed to comply with the terms of the Award, and attaches hereto as *Exhibit B* a true and correct copy of its July 30, 2010 letter to FINRA confirming that it has satisfied the Award in full.

9.     With respect to the allegations in the third paragraph under "Section III. – Facts,"  Credit Suisse denies that Luby's is entitled to the modification, correction or enforcement relief requested, and further denies that Luby's is entitled to  a judgment in any amount against Credit Suisse under any of the statutes as alleged.   Credit Suisse agrees that the Award, without modification or correction, should be confirmed by this Court.         By way of further response, Credit Suisse states that Luby's has failed to offer or establish any of the statutory elements required under the Federal Arbitration Act ("FAA") for the modification or correction of the Award as requested in the Petition. Specifically, Section 11 of the FAA[5] provides that a Court may modify or correct an arbitration award only where (i) there was an evident material miscalculation  of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; or (ii) the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or (iii) the award is imperfect in matter of form not affecting the merits of the controversy. Luby's request for modification or correction should be summarily denied with prejudice because the request is not supported by any facts or law establishing any of the required statutory elements.

---

[5] Credit Suisse submits that the FAA governs the relief requested in the Petition.  The provisions of the Texas Arbitration Act governing modification and correction of an award (§171.091) are essentially the same as those in Section 11 of the FAA set forth herein.

10.     Credit Suisse denies that Luby's is entitled to any of the relief requested in the fourth paragraph under "Section III. –Facts,"  and denies specifically any allegation that it has failed to satisfy the Award. Any allegations in Luby's Petition not expressly admitted herein are denied.

11.     With regard to Luby's request for judgment, Credit Suisse agrees that the Court should enter a Final Judgment confirming the Award, but denies that Luby's is entitled to a judgment awarding any of the additional relief requested by Luby's.

## AFFIRMATIVE DEFENSES

12.     The Petition fails to state a claim for modification, correction or enforcement upon which relief can be granted.

13.     The modification, correction or enforcement relief requested by Luby's in the Petition is barred under the doctrine of accord and satisfaction given the fact that Credit Suisse has fully complied with the terms of the Award.

14.     The modification, correction or enforcement relief requested by Luby's in the Petition is barred under the doctrine of res judicata and/or the doctrine of collateral estoppel.

WHEREFORE, Credit Suisse Securities (USA) LLC prays that this Court enter an order and final judgment confirming the FINRA Award dated May 21, 2010 in FINRA Arbitration Case No. 08-04007, denying Luby's request for enforcement, modification or correction of the FINRA Award and dismissing such claims with prejudice, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

BALLARD & LITTLEFIELD, LLP

By:_____/s/_____

Donald R. Littlefield
Texas Bar No. 12427350
Martha F. McDugald
Texas Bar No. 07370750
3700 Buffalo Speedway, #250
Houston, Texas 77098
Phone:        (713) 403-6400
Facsimile:    (713) 403-6410

ATTORNEY FOR CREDIT SUISSE
SECURITIES (USA) LLC

OF COUNSEL:
Edwin A. Zipf
BRESSLER, AMERY & ROSS
P.O. Box 1980
Morristown, NJ  07962
973-514-2000
Fax: 973-514-1660

## CERTIFICATE OF SERVICE

This is to certify that on September 10, the foregoing document was served by facsimile and by electronic transmittal to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

*Via Facsimile No. 281-486-4695 and First Class Mail*
Roy Camberg
The Camberg Law Firm, P.C.
17225 El Camino Real, Suite 444
Houston, TX  77058

_____/s/_____
Martha F. McDugald

**EXHIBIT A**

05/21/2010 17 15 FAX   312 899 4407          N A S O                              Ⓐ002/003

**AWARD**
**FINRA Dispute Resolution**

In the Matter of the Arbitration Between:

Name of Claimant

Luby's Restaurants Limited Partnership

     vs.

Case Number: 08-04007
Hearing Site: Houston, Texas

Name of Respondent

Credit Suisse Securities (USA), LLC

## NATURE OF THE DISPUTE

Customer vs. Member

## REPRESENTATION OF PARTIES

Luby's Restaurants Limited Partnership ("Claimant") was represented by Peter Tropoli, Esq., Houston, Texas until on or about April 13, 2009. On or about April 13, 2009, Roy Camberg, Esq., The Camberg Law Firm, PC, Houston, Texas filed a Notice of Designation of Lead Counsel.

Credit Suisse Securities (USA), LLC ("Respondent") was represented by Brian F. Amery, Esq. and Edwin A. Zipf, Esq., Bressler, Amery & Ross, New York, New York.

## CASE INFORMATION

The Statement of Claim was filed on or about October 24, 2008. The Submission Agreement of Claimant, Luby's Restaurants Limited Partnership, was signed on or about October 22, 2008. On or about June 6, 2009, Claimant filed a First Amended Statement of Claim.

The Statement of Answer was filed by Respondent, Credit Suisse Securities (USA), LLC, on or about January 27, 2009. The Submission Agreement of Respondent, Credit Suisse Securities (USA), LLC, was signed on or about February 12, 2009. On or about January 15, 2010, Respondent filed an Answer to the First Amended Statement of Claim.

## CASE SUMMARY

Claimant asserted the following causes of action: breach of fiduciary duty; breach of contract; breach of good faith and fair dealings; conversion; fraud; negligence and

**EXHIBIT A**

05/21/2010 17 15 FAX  312 839 4407          N A S D                    ☑003/003

FINRA Dispute Resolution
Arbitration No 08-04007
Award    Page 2 of 5

negligent misrepresentation; and violation of the Blue Sky Law and the Texas Security Act. The causes of action related to the recommendation and purchase of auction rate securities.  Claimant alleged that Respondent represented to Claimant that auction rate securities were equivalent to cash or money market funds, were highly liquid, safe investments for short-term investing, and were suitable for Claimant. Claimant alleged that Respondent knew, but failed to disclosure to Claimant, material facts about auction rate securities, in particular that they were not cash alternatives, but were instead complex, long-term financial instruments with 30 year maturity dates, or longer.  Claimant also alleged that Respondent knew, but failed to disclose to Claimant, that auction rate securities were only liquid at the time of sale because broker-dealers and others were artificially supporting and manipulating the auction market to maintain the appearance of liquidity and stability.  Claimant asserted that to date, it has been unable to liquidate approximately $8.85 million of its securities and as a result of Respondent's actions, Claimant invested in securities that have become completely illiquid and Claimant has been unable to access the money it invested.

Unless specifically admitted in its Answer, Respondent denied the allegations made in the Statement of Claim and asserted affirmative defenses including the following:  Claimant failed to state a claim upon which relief can be granted; the Statement of Claim is barred by the doctrines of laches, waiver, ratification, and estoppel; Respondent acted in good faith and without malice or reckless indifference to Claimant; Respondent denied any liability for failure to supervise, or under any theory of control person liability, respondeat superior, or apparent authority; Respondent did not breach any duty to Claimant imposed by operation of law or contract; Claimant failed to mitigate its damages; and Claimant's claims are barred, or should be reduced, by Claimant's own contributory negligence.

## RELIEF REQUESTED

Claimant requested an award in the amount of:

| | |
|---|---|
| Actual/Compensatory Damages | $8,850,000.00 |
| Exemplary/Punitive Damages | Unspecified |
| Interest | Unspecified |
| Attorneys' Fees | Unspecified |
| Other Costs | Unspecified |
| Other Non-Monetary Relief | Rescission |

Respondent requested that the claims asserted against it be denied in their entirety and that it be awarded its costs and attorneys' fees.

05/21/2010 17 15 FAX  312 899 4407          N A S D                                    ⧄004/009

FINRA Dispute Resolution
Arbitration No 08-04007
Award    Page 3 of 5

## OTHER ISSUES CONSIDERED & DECIDED

The Panel acknowledges that they have each read the pleadings and other materials filed by the parties.

On or about May 12, 2009, Claimant filed a Motion for Leave to Amend the Statement of Claim. Respondent did not file an Opposition. On or about June 6, 2009, the Panel issued an Order granting the Motion for Leave to Amend the Statement of Claim.

On or about May 4, 2010, Claimant filed a post-hearing submission to substantiate his attorneys' fee claim. The Panel denies the request for attorneys' fees herein.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony, the evidence presented at the hearing and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.)  Respondent, Credit Suisse Securities (USA), LLC, is liable to Claimant, Luby's Restaurants Limited Partnership, and shall purchase Claimant's auction rate securities at par;

2.)  Respondent, Credit Suisse Securities (USA), LLC, is liable for and shall pay to Claimant, Luby's Restaurants Limited Partnership, interest on the at par purchase price of the auction rate securities at the rate of 6% per annum from and including May 29, 2010 through and including the date the Award is paid in full;

3.)  Other than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter; and

4.)  Any relief not specifically enumerated, including punitive damages and attorneys' fees, is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

## Filing Fees

05/31/2010  17 15 FAX   312 899 4407          N A S D                                          @005/009

FINRA Dispute Resolution
Arbitration No. 08-04077
Award    Page 4 of 5

FINRA Dispute Resolution will retain the non-refundable filing fee* for each claim:

Initial Claim filing fee                                            = $  1,800.00

*The filing fee is made up of a non-refundable and a refundable portion.

## Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, Credit Suisse Securities (USA), LLC is assessed the following:

Member surcharge                                                  = $  3,350.00
Pre-hearing process fee                                           = $     750.00
Hearing process fee                                               = $  5,500.00

## Adjournment Fees

Adjournments granted during these proceedings:

October 27-30, 2009, adjournment requested by jointly by the parties    = $  1,200.00
March 1-3, 2010, adjournment requested by jointly by the parties        = $  1,200.00

## Hearing Session Fees and Assessments

The Panel has assessed hearing session fees for each hearing session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Three (3) Pre-hearing sessions with a single arbitrator x $450.00      = $  1,350.00
Pre-hearing conferences:   June 5, 2009          1 session
                           February 22, 2010     1 session
                           March 1, 2010         1 session

Two (2) Pre-hearing sessions with Panel x $1,200.00                    = $  2,400.00
Pre-hearing conferences:   March 30, 2009        1 session
                           March 4, 2010         1 session

Seven (7) Hearing sessions x $1,200.00                                 = $  8,400.00
Hearing Dates:             April 27, 2010        2 sessions
                           April 28, 2010        2 sessions

05/21/2010  17 15 FAX   312 899 4407          N A S D                        ☑006/009

FINRA Dispute Resolution
Arbitration No. 08-04077
Award    Page 5 of 5

April 29, 2010        3 sessions

Total Hearing Session Fees                          = $12,150.00

The Panel has assessed $6,075.00 of the hearing session fees to Luby's Restaurants Limited Partnership.

The Panel has assessed $6,075.00 of the hearing session fees to Credit Suisse Securities (USA), LLC.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.


## ARBITRATION PANEL

Larry J. Craddock - Public Arbitrator, Presiding Chair
Allan R. Lazor - Public Arbitrator
Carol Ann Stapper - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

/s/ Larry J. Craddock                          May 21, 2010
Larry J. Craddock                              Signature Date
Public Arbitrator, Presiding Chair

/s/ Allan R.Lazor                              May 21, 2010
Allan R. Lazor                                 Signature Date
Public Arbitrator

/s/ Carol Ann Stapper                          May 21, 2010
Carol Ann Stapper                              Signature Date
Non-Public Arbitrator


May 21, 2010
Date of Service  (For FINRA office use only)

05/21/2010 17 15 FAX 312 899 4407     N A S D     ☑007/009

FINRA Dispute Resolution
Arbitration No. 08-04977
Award    Page 5 of 5

_____ April 29, 2010    3 sessions _____
Total Hearing Session Fees                        = $12,150.00

The Panel has assessed $6,075.00 of the hearing session fees to Luby's Restaurants Limited Partnership.

The Panel has assessed $6,075.00 of the hearing session fees to Credit Suisse Securities (USA), LLC.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Larry J. Craddock - Public Arbitrator, Presiding Chair
Allan R. Lazor - Public Arbitrator
Carol Ann Stapper - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____          5/21/2010
Larry J. Craddock                   Signature Date
Public Arbitrator, Presiding Chair

_____          _____
Allan R. Lazor                      Signature Date
Public Arbitrator

_____          _____
Carol Ann Stapper                   Signature Date
Non-Public Arbitrator

_____
Date of Service (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 08-04577
Award – Page 5 of 5

April 29, 2010      3 sessions                      = $12,150.00
Total Hearing Session Fees

The Panel has assessed $6,075.00 of the hearing session fees to Luby's Restaurants
Limited Partnership.

The Panel has assessed $6,075.00 of the hearing session fees to Credit Suisse Securities
(USA), LLC.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.


## ARBITRATION PANEL

Larry J. Craddock - Public Arbitrator, Presiding Chair
Allan R. Lazor - Public Arbitrator
Carol Ann Stapper - Non-Public Arbitrator

Concurring Arbitrators' Signatures:


Larry J. Craddock                                    Signature Date
Public Arbitrator, Presiding Chair


Allan R. Lazor                                       Signature Date
Public Arbitrator


Carol Ann Stapper                                    Signature Date
Non-Public Arbitrator


Date of Service  (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 08-04077
Award    Page 5 of 5

April 28, 2010        3 sessions
Total Hearing Session Fees                                                = $12,150.00

The Panel has assessed $6,075.00 of the hearing session fees to Luby's Restaurants Limited Partnership.

The Panel has assessed $6,075.00 of the hearing session fees to Credit Suisse Securities (USA), LLC.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

### ARBITRATION PANEL

Larry J. Craddock - Public Arbitrator, Presiding Chair
Allan R. Lazor - Public Arbitrator
Carol Ann Stapper - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____              _____
Larry J. Craddock                                         Signature Date
Public Arbitrator, Presiding Chair

_____              _____
Allan R. Lazor                                             Signature Date
Public Arbitrator

_____                      5/21/10
Carol Ann Stapper                                         _____
Non-Public Arbitrator                                     Signature Date

_____
Date of Service  (For FINRA office use only)

**EXHIBIT B**

# BRESSLER, AMERY & ROSS

### A PROFESSIONAL CORPORATION

P.O. Box 1980 • Morristown, NJ 07962

Hand Delivery:

325 Columbia Turnpike • Florham Park, NJ 07932

973.514.1200 • fax 973.514.1660

www.bressler.com

Edwin A. Zipf
Member

ezipf@bressler.com

July 30, 2010

**VIA FACSIMILE AND OVERNIGHT MAIL**
Elizabeth A. Muldoon, Esq.
Case Administrator
FINRA Dispute Resolution
Midwest Regional Office
55 West Monroe Street
Suite 2600
Chicago, IL 60603-5104

Re:   **Luby's Restaurants Limited Partnership vs.**
      **Credit Suisse Securities (USA) LLC**
      **FINRA Dispute Resolution Arbitration Number 08-04007**

Dear Ms. Muldoon:

Our firm represents Respondent Credit Suisse Securities (USA), LLC ("Credit Suisse"). I am writing in response to your July 20, 2010 letter to Roy Camberg, Esq. requesting that "Credit Suisse certify in writing that it has complied with the arbitration Award in this case." As set forth in Credit Suisse's submission to FINRA dated June 24, 2010, Credit Suisse certifies that it has complied with the May 21, 2010 Award entered by the arbitration Panel in this matter. Specifically, Credit Suisse has lifted the auction rate securities from Claimant's account, deposited the par value of those securities into Claimant's account, paid five days of interest from May 29, 2010 to June 2, 2010 and paid interest that had accrued on the securities up to the time the securities were removed from Claimant's account.

Please be advised that counsel for Claimant Luby's Restaurants Limited Partnership is being copied on this letter by facsimile and regular mail. Should you have any questions concerning this matter, please feel free to contact me.

Very truly yours,

Edwin A. Zipf

EAZ:mam
cc:   Roy Camberg, Esq. (Facsimile and Regular Mail)

**EXHIBIT B**

**EXHIBIT C**



Financial Industry Regulatory Authority

June 8, 2010

Roy Camberg
The Camberg Law Firm, P.C.
17225 El Camino Real
Suite 444
Houston, TX 77058

Subject:    FINRA Dispute Resolution Arbitration Number 08-04007
            Luby's Restaurants Limited Partnership vs. Credit Suisse Securities (USA) LLC

Dear Mr. Camberg:

Please be advised that pursuant to Code of Arbitration Procedure Rule 12905(b), the Director of
Arbitration has determined that the submissions pursuant to Code of Arbitration Procedure Rule
12905(a)(2) do not comply with the grounds enumerated in the rule.

Accordingly, the submissions will not be sent to the arbitrators.

Very truly yours,

Elizabeth A. Muldoon, Esq.
Case Administrator
Phone:   312-899-4440
Fax:     301-527-4856
Elizabeth.Muldoon@finra.org

EAW:nkc:LC66D
idr: 09/22/2009

CC:

        Brian F. Amery, Esq., Credit Suisse Securities (USA) LLC
        Bressler, Amery & Ross, 17 State Street, 34th Floor, New York, NY 10004

RECIPIENTS:
        Roy Camberg, Luby's Restaurants Limited Partnership
        The Camberg Law Firm, P.C., 17225 El Camino Real, Suite 444, Houston, TX 77058

# EXHIBIT C

Investor protection. Market integrity.    Dispute Resolution          55 West Monroe Street    t  312 899 4440
                                         Midwest Regional Office       Suite 2600               f  312 236 9239
                                                                       Chicago, IL              www.finra.org
                                                                       60603-5104

**EXHIBIT D**

`



Financial Industry Regulatory Authority

*Ed Zipot*
RECEIVED JUL 28 2010

VIA MAIL AND FACSIMILE

July 20, 2010

Brian F. Amery, Esq.
Bressler, Amery & Ross
17 State Street
34th Floor
New York, NY 10004

Subject:    FINRA Dispute Resolution Arbitration Number 08-04007
            Luby's Restaurants Limited Partnership vs. Credit Suisse Securities (USA) LLC

Dear Mr. Amery:

Claimant has requested that the Director of Arbitration permit the filing of post-award motions in this case. The parties have both filed extensive written submissions on this issue.

As background, FINRA rules limit the circumstances under which parties may make submissions to arbitrators in closed cases. In 2008, the SEC approved Rule 12905 of the Code of Arbitration Procedure for Customer Disputes. As a result, parties may not submit documents to arbitrators in cases that have been closed except under the following limited circumstances: 1) as ordered by a court; 2) at the request of any party within 10 days of service of an award or notice that a matter has been closed, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or 3) if all parties agree and submit documents within 10 days of service of an award or notice that a matter has been closed.

Please be advised that the Director of Arbitration has determined that the post-award submissions in this case do not comply with the grounds enumerated in Rule 12905. Accordingly, the submissions will not be sent to the arbitrators.

On a separate matter, please note that Article VI, Section 3 of the FINRA By-Laws and Rule 9554 permit FINRA to suspend or cancel the registration of any firm that fails to comply with a FINRA arbitration award. Pursuant to Notice to Members 00-55, FINRA requests that Credit Suisse certify in writing that it has complied with the arbitration award in this case. Please provide this information to the undersigned by August 3, 2010.

Very truly yours,

Elizabeth A. Muldoon, Esq.

Investor protection. Market integrity.

Dispute Resolution
Midwest Regional Office

55 West Monroe Street
Suite 2600
Chicago, IL
60603-5104

t  312 899 4440
f  312 236 9239
www.finra.org

**EXHIBIT D**

Case Administrator
Phone:   312-899-4440
Fax:        301-527-4856
Elizabeth.Muldoon@finra.org

EAW:kms:LC53A
idr: 07/22/2008

RECIPIENTS:

Brian F. Amery, Esq., Credit Suisse Securities (USA) LLC
Bressler, Amery & Ross, 17 State Street, 34th Floor, New York, NY 10004

Roy Camberg, Luby's Restaurants Limited Partnership
The Camberg Law Firm, P.C., 17225 El Camino Real, Suite 444, Houston, TX 77058

**EXHIBIT E**



Print

**12905.** **Submissions After a Case Has Closed**

**The Customer Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Customer Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code.**

(a) Parties may not submit documents to arbitrator(s) in cases that have been closed except under the following limited circumstances:

(1) as ordered by a court;

(2) at the request of any party within 10 days of service of an award or notice that a matter has been closed, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or

(3) if all parties agree and submit documents within 10 days of (1) service of an award or (2) notice that a matter has been closed.

(b) Parties must make requests under this rule in writing to the Director and must include the basis relied on under this rule for the request. The Director will forward documents submitted pursuant to paragraph (a)(1), along with any responses from other parties, to the arbitrators. The Director will determine if submissions made pursuant to paragraphs (a)(2) and (a)(3) comply with the grounds enumerated in the rule. If the Director determines that the request complies with paragraphs (a)(2) and (a)(3), the Director will forward the documents, along with any responses from other parties, to the arbitrators. The arbitrators may decline to consider requests that the Director forwards to them under paragraphs (a)(2) and (a)(3).

(c) Unless the arbitrators rule within 10 days after the Director forwards the documents to the arbitrators pursuant to a request made under paragraphs (a)(2) and (a)(3), the request shall be deemed considered and denied.

(d) Requests under this rule do not extend the time period for payment of any award pursuant to Rule 12904.

Amended by SR-FINRA-2008-057 eff. Dec. 15, 2008.
Adopted by SR-FINRA-2008-005 eff. Nov. 24, 2008.

**Selected Notice:** 08-62.

©2008 FINRA. All rights reserved.

**EXHIBIT E**