```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION
```

LUBY'S RESTAURANTS LIMITED     §
PARTNERSHIP,                   §
                               §
    Petitioner,               §
                               §
v.                             §    CIVIL ACTION NO. H-10-3212
                               §
CREDIT SUISSE SECURITIES (USA) §
LLC,                           §
                               §
    Respondent.               §

MEMORANDUM AND ORDER

    Pending is Petitioner Luby's Restaurants Limited Partnership's Petition to Confirm Arbitration Award, Entry of Final Judgment and Petition to Enforce, Modify or Correct Award (Document No. 1).[1] After carefully considering the petition, answer, exhibits, and the applicable law, the Court concludes as follows.

I. Background

    Petitioner Luby's Restaurants Limited Partnership ("Luby's") seeks confirmation of its arbitration award and a determination that Respondent Credit Suisse Securities (USA) LLC ("Credit

---

[1] Although Luby's styled its petition "Petition to Confirm Arbitration Award, Entry of Final Judgment, and Petition to Enforce, Modify, or Correct Award," Luby's states in its Response that it is not asking the Court to modify or correct the Award, but to confirm it and interpret the Award to include an award of $186,000 for the loss that Luby's sustained when it sold a portion of its securities under par.

Suisse") still owes it $186,000 based on an arbitration award entered in its favor by a panel of the Financial Industry Regulatory Authority ("FINRA"). Credit Suisse removed this petition to federal court pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(2). *See* Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010).

Luby's purchased over $30 million in auction rate securities from Credit Suisse based on representations made by Credit Suisse that the securities were (1) equivalent to money market funds, (2) highly liquid, safe investments for short term investing, and (3) suitable for Luby's. When the arbitration proceedings were filed in October 2008, Luby's had redeemed all but $8.9 million worth of securities, which Luby's could not sell at face value. In September 2009, after initiating the arbitration proceedings but before the arbitration hearing, Luby's redeemed one of its securities for less than par, sustaining a loss of $186,000.

The hearing was held in April 2010, and the Panel ruled as follows:

> (1) Respondent, Credit Suisse Securities (USA) LLC, is liable to Claimant, Luby's Restaurant Limited Partnership, and shall purchase Claimant's auction rate securities at par;
>
> (2) Respondent, Credit Suisse Securities (USA) LLC, is liable for and shall pay Claimant, Luby's Restaurant Limited Partnership, interest on the at par purchase price of the auction rate securities at the rate of 6% per annum from and including May 29,

2

>    2010 through and including the date Award is paid in full;
>
>    (3) Other than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter; and
>
>    (4) Any relief not specifically enumerated, including punitive damages and attorney's fees, is hereby denied with prejudice.

Document No. 8, ex. A at 004.

Both parties seek confirmation of the Award, but dispute whether it includes the $186,000. Credit Suisse claims it has complied fully with the arbitration Award because it bought all of Luby's remaining securities at par and paid the required interest thereon. Luby's contends that Credit Suisse also owes it the $186,000 it lost when it sold the portion of its securities under par after it filed to arbitrate the dispute.

## II. Discussion

Because no modification of the award is sought by either party, the issue is interpretation of the award.[2]  "[A] court is required to enforce an arbitration award *only* as written by the arbitrator." Brown v. Witco Corp., 340 F.3d 209, 216 (5th Cir. 2003) (citing Oil, Chem. & Atomic Workers Int'l Union Local 4-367 v. Rohm & Haas, Tex., Inc., 677 F.2d 492, 495 (5th Cir. 1982)

---

[2] *See* Document No. 9 at 1: "Luby's Restaurants Limited Partnership is not seeking a modification or correction of this award."

(emphasis in original)).  If the arbitration award is ambiguous, it is unenforceable.  Id.  "A court may not interpret the award to resolve the ambiguity and implement the award; instead, the court must remand the award to the arbitrator with instructions to clarify the award's particular ambiguities."  Id.  Remand is appropriate where: an award is patently ambiguous, the issues submitted were not fully resolved, or the language of the award has generated a collateral dispute.[3]  Oil, Chem. & Atomic Workers, 677 F.2d at 495.  "However, once the court is presented with an unambiguous, enforceable award, the arbitrator's award must be upheld so long as the arbitrator's decision . . . does not exceed the scope of the arbitrator's authority."  Brown, 340 F.3d at 216.

The Award in this case is not patently ambiguous, although each party urges a different interpretation of the Award.  Both the plain language of the Award and the arguments before the panel demonstrate its effect.  First, the Award provides: "Credit Suisse . . . shall purchase Claimant's auction rate securities at par," and "shall pay . . . interest on the at par purchase price of the auction rate securities . . . from and including May 29, 2010 . . . ."[4]  The Award was signed May 21, 2010.  It further states: "[a]ny relief not specifically enumerated, including

---

[3] Neither party argues that FINRA did not fully resolve their dispute, nor do they assert that the language of the Award has created a collateral dispute.

[4] Document No. 8, ex. A at 004.

4

punitive damages and attorney's fees, is hereby denied with prejudice."[5] The plain language of the Award prospectively requires Credit Suisse to buy back Luby's securities at par, and imposes interest on the "par purchase price" beginning eight days after the Award was signed. The Award makes no mention of additional damages sustained by Luby's when it sold some of its securities below par during pendency of the arbitration but before the hearing was held. Credit Suisse could not "purchase . . . at par" the already-sold securities, as they were no longer "Claimant's auction rate securities." The Award denied any relief other than that which was expressly granted.[6]

Moreover, Luby's submitted to the arbitration panel the same argument to recover $186,000 that it now urges. Luby's counsel stated to the arbitration panel the following:

> The damages in this case that my client has suffered are obviously the $7.1 million in auction rate securities that are currently illiquid. They've also suffered a 2.28 million dollar write-down in the value of its securities on its public filings. *There's $180,000 that it suffered as a result of the loss of the SSM Health Care that was sold at a discount.* Attorney's fees of $94,000, and an expert witness fees [sic] of $64,000.
>
> Now, with respect to the damages in the case, we're respectfully asking that the panel order and in compliance with the Texas State Securities Commission order, that Credit Suisse buy back these

---

[5] Id.

[6] Id.

> securities at par. That would be $7.1 million, that we be awarded our damages *$180,000 for the sale of one of these auction rate securities at the 12 percent loss* and also our attorney's fees and expert witness fees.

Document No. 8, ex. B at 18:20-19:13 (emphasis added).[7]

In short, the matter of the loss of $180,000 (now alleged to be $186,000) on the already-sold securities was specifically presented to the arbitral panel, and it was presented as a claim distinct from the request to buy back at par the securities still held by Luby's. The arbitrators, however, required Credit Suisse only to "purchase Claimant's auction rate securities at par," plus interest to begin accruing eight days after the Award was signed. "Any relief not specifically enumerated . . . is hereby denied with prejudice," which effectively denied Luby's $186,000 claim urged here.

Because the Award is unambiguous, the Award must be confirmed and enforced as written. *See* Wartsila Finland OY v. Duke Capital LLC, 518 F.3d 287, 292 & n.4 (5th Cir. 2008).

### III. Order

For the foregoing reasons, it is

ORDERED that the Final Award in Financial Industry Regulatory Authority Case No. 08-04007, Luby's Restaurants Limited Partnership

---

[7] In the hearing, Luby's refers to its loss from the below par sale as $180,000, but in this case it values the loss at $186,000.

<u>v. Credit Suisse Securities (USA), LLC</u>, a copy of which is attached hereto, is in all things CONFIRMED and ADOPTED as the Judgment of this Court, and Luby's Restaurants Limited Partnership's petition and prayer to order Credit Suisse additionally to pay to Luby's $186,000, plus interest on that amount and attorney's fees, is DENIED as not having been ordered in the Final Award of the arbitration panel.

    The Clerk will enter this Order, providing a correct copy to all parties of record.

    SIGNED at Houston, Texas, on this <u>5th</u> day of May, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE